OPINION
{¶ 1} The defendant-appellant, Joseph R. Croft ("Croft"), appeals the October 14, 2005, Judgment of conviction and sentence entered in the Common Pleas Court of Putnam County, Ohio.
 {¶ 2} On or about November 19, 2004, Croft was indicted in the Putnam County Common Pleas Court in case number 04-CR-83 on one count of Receiving Stolen Property, a felony of the fourth degree. On May 10, 2005, Croft was indicted in the Putnam County Common Pleas Court in case number 05-CR-41 on one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree; two counts of Complicity (Breaking and Entering), a felony of the fifth degree; two counts of Complicity (Theft), a felony of the fifth degree; and one count of Complicity (Grand Theft), a felony in the fourth degree.
 {¶ 3} On July 27, 2005, Croft entered a plea of guilty to a single count of Receiving Stolen Property in case number 04-CR-83 and to one count of Complicity (Theft) in case number 05-CR-41. All remaining counts were dismissed. The State agreed to recommend community control if Croft cooperated with the Prosecuting Attorney's Office and law enforcement and refrained from any ongoing criminal behavior.
 {¶ 4} On September 14, 2005, a sentencing hearing was held. At the hearing, the trial court stated that it reviewed the presentence report ordered by the Putnam County Court, the victim impact summary, and the presentence report completed for the Allen County Court. In addition, the trial court stated that Croft had been sentenced to a period of 11 months in Allen County, Ohio on August 17, 2005. The State acknowledged that the parties had agreed to a negotiated plea with a suggestion of community control if Croft provided complete cooperation with the Prosecutor's Office and law enforcement. The State indicated that Croft had not provided complete cooperation and had recently been arrested for further criminal behavior in Allen County. Croft's counsel was permitted to speak as to mitigation then the Court addressed Croft individually. He acknowledged that he had been arrested two days prior to being sentenced in Allen County and could possibly be facing another felony charge.
 {¶ 5} The trial court then made a series of findings in order to sentence Croft to a prison term rather than community control and to sentencing him to a longer prison term because the shortest term would demean the seriousness of the offense and would not adequately protect the public. Therefore, based upon the findings, the trial court imposed the following sentences: eight months at the Ohio Department of Correction Rehabilitation with credit for fifty-eight days previously served in case number 04-CR-83 and eleven months at the Ohio Department of Correction Rehabilitation with credit of ten days previously served in case number 05-CR-41. The prison terms were ordered to be served consecutively to one another. The trial court specified the reason for the consecutive decision by finding that a single term would not adequately reflect the seriousness of the conduct, that there was a pattern of organized criminal activity that Croft had engaged in, and that the consecutive term is necessary to protect the public and to punish the offender and was not disproportionate to the conduct and danger imposed.
 {¶ 6} On October 27, 2005, Croft filed his notice of appeal raising the following assignment of error:
THE TRIAL COURT FAILED TO SUPPORT ITS FINDINGS FOR IMPOSINGCONSECUTIVE SENTENCES.
 {¶ 7} In Croft's assignment of error, he claims that the trial court failed to support its findings for imposing consecutive sentences. Specifically, he alleges that a trial court must impose concurrent sentences unless it finds three statutory factors under R.C. 2929.14(E)(4).
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(E)(4) requiring judicial findings for consecutive terms. Foster, 2006-Ohio-856, at ¶ 97, 103. Pursuant to the ruling in Foster, Croft's assignment of error is sustained. Therefore, Croft's sentence is vacated and the case is remanded for further proceedings.
Judgment vacated and remanded.
 Rogers and Cupp, JJ., concur.